UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) Case No. 05-495 M<br>v. )<br>) DETENTION ORDER<br>HARPREET SINGH, )<br>)<br>Defendant. )<br>_____ ) | |

Offense charged:

Count 1.  Conspiracy to distribute MDMA and marijuana in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C), and 846.

Date of Detention Hearing:  October 17, 2005.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)     Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges. Defendant has not overcome the presumption that he is a flight risk.

(2) The instant offense involves approximately 56,000 tablets of MDMA, 300 pounds of marijuana and approximately $30,000 in cash. As a result, if convicted, the defendant is facing the prospect of a potentially lengthy sentence.

(3) Defendant has no ties to the Western District of Washington.

(4) Defendant is a Canadian and an Indian citizen. Defendant has resided in Canada for 12 years, and has brothers, a wife and two children who reside in Canada. However, the defendant still has family, including parents, who reside in India.

(5) Defendant does not have steady employment in Canada or other property in Canada which would otherwise deter him from failing to appear as required, or from fleeing to India..

(6) Defendant has failed to overcome the presumption that he would be a risk of flight. No conditions or combination of conditions are apparent that will reasonably assure the defendant's appearance at future Court hearings.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

/ / /

/ / /

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this <u>17th</u> day of October, 2005.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge